# Wheeling.

## ALPHA RALPHSNYDER, *et al.*, *vs.* CATHARINE RALPHSNYDER.

### July Term, 1872.

A father conveyed to his three sons his real and personal estate. The sons exe-
cuted a bond to the father stipulating, among other things, for the support
of their sister whilst a *feme sole*. After the death of the father the sister filed
a bill against the brothers to enforce the stipulations of the bond. On de-
murrer it is HELD:

> That the administrator of the father ought to be a party to the bill, inas-
> much as a decree in the cause against the brothers would not bar an
> action at law brought by such administrator on the bond, and the de-
> murrer ought to have been sustained.

Bill filed in the circuit court of Monongalia county, Sep-
tember rules, 1869, to Catharine Ralphsnyder, against Alpha
Ralphsnyder, William Ralphsnyder, and John Yost, executor
of the last will and testament of Aaron Ralphsnyder.

The bill alleged that, in November, 1851, one John M.
Ralphsnyder, who was the father of both plaintiff and de-
fendants, conveyed by deed, all his estate both real and per-
sonal, to the defendants, Alpha, William and Aaron Ralph-
snyder, upon the conditions, amongst other things, that they
should support their three sisters, the plaintiff being one,
until they were married. For the faithful performance of
these conditions, a bond was executed payable to the grantor
in the deeds, John M. Ralphsnyder. That the latter, the
father, was dead, and the plaintiff was unmarried. That the
defendants, Alpha and William, had, since 1867, refused to
contribute anything for the support of the plaintiff, in vio-
lation of their bond. The defendants, Alpha and William,
answered and demurred to the bill on the grounds of want of

equity. It is unnecessary to give any of the testimony in the case as the sole question determined in this court arose on the demurrer to the bill, the first point in which was that the personal representative of John M. Ralphsnyder, to whom the bond was given, ought to have been a party.

The court below rendered a decree at the December term, 1870, giving to the complainant, a certain sum per year, for her support, to be paid by the defendants according to certain proportions therein set out. From which the defendants appealed.

*A. F. Haymond* for the appellants.

No counsel appeared for the appellee.

MAXWELL J. The first ground of error assigned is that the court erred in not sustaining the demurrer to the bill because the proper parties were not before the court, and because there is no ground for equity relief charged in the bill.

The personal representative of John M. Ralphsnyder is not before the court.

He is a necessary party, as a decree in this cause, unless he is a party, would be no bar to an action at law brought by him on the bond, and for that reason the demurrer to the bill ought to have been entertained.

The decree complained of will have to be reversed, with costs, the demurrer entertained and the cause remanded with leave to amend the bill if the complainant desires to do so.

The other judges concurred.

DECREE REVERSED.